IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| Plaintiff, | : |
| v. | : Civil Action No. |
| **$9,000 in U.S. CURRENCY,** | : |
| Defendant. | : |

: : : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, the UNITED STATES OF AMERICA, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Stefan D. Cassella, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is a civil forfeiture action against United States currency which was furnished or intended to be furnished in exchange for a controlled substance or listed chemical, or constituted proceeds traceable to an exchange of controlled substances or moneys used to facilitate a violation of 21 U.S.C. § 841, and therefore should be forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

## THE DEFENDANTS *IN REM*

2. The defendant property consists of $9,000 in U.S. Currency (hereinafter, the "Defendant Property").

3. The Defendant Property was seized from Pedro Simon Rosario, on July 19, 2012, during a traffic stop of a motor vehicle on Interstate 95 North in Maryland.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881.

5. This court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Gregory Certeza, Task Force Officer of the Drug Enforcement Administration, which is incorporated herein by reference.

**WHEREFORE,** THE Plaintiff prays as follows:

1. That any person or persons having any interest therein be cited to appear herein and answer the Complaint;

2. That a Warrant of Arrest *in rem* issue to the United States Marshal commanding the arrest of the Defendant Property;

3. That Judgment of Forfeiture be decreed against the Defendant Property;

4. That upon Final Decree of Forfeiture, the United States Marshal dispose of the Defendant Property according to law;

5. That the Plaintiff has such other and further relief as the case may require.

Dated: February 1, 2013

                                        Respectfully submitted,

                                        Rod J. Rosenstein
                                        UNITED STATES ATTORNEY
                                        District of Maryland

                                        */s/ Stefan D. Cassella*
                                        Stefan D. Cassella
                                        Assistant United States Attorney
                                        36 South Charles Street
                                        Fourth Floor
                                        Baltimore, Maryland 21201
                                        Tel: (410) 209-4800

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of $9,000.00 in United States currency seized on July 19, 2012.

I, Gregory Certeza, a Task Force Officer with the Drug Enforcement Administration, submit that there are sufficient facts to support a reasonable belief that the $9,000.00 in United States currency seized on July 19, 2012, constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841, and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

   a. On July 19, 2012, officers of the Maryland Transportation Authority Police stopped a Chrysler 300 bearing Massachusetts tag 146 SC5 (the "Vehicle"), for speeding on Interstate 95 North.
   b. The Vehicle was occupied by three males. The rear seat passenger appeared to be asleep. The rear seat passenger was later identified as Pedro Garybaldi Rosario ("P. Garybaldi").
   c. Pedro Simon Rosario ("P. Simon") was the driver of the Vehicle.
   d. P. Simon handed the officer a New York learner's permit.
   e. The front seat passenger identified himself with a New York state driver's license as Jose A. Lausell ("Lausell").
   f. Lausell stated that the Vehicle was rented. Lausell produced a rental agreement.
   g. Lausell stated that he was tired so he asked P. Simon to drive the Vehicle. Lausell also stated that that they had been to Atlanta, Georgia, for 5 days to visit friends.
   h. The officer determined that P. Simon's driver's license was suspended.
   i. The officer advised Lausell to drive the Vehicle because others could not drive the Vehicle without written authorization from the rental car company.
   j. As Lausell made his way to the driver's side of the Vehicle, the officer asked Lausell if he would answer some questions. The officer explained that due to conflicting

information, he had reason to believe that there may be something illegal in the Vehicle. Lausell stated that there should be nothing illegal in the Vehicle.

k. Lausell gave the officer consent to search the Vehicle.

l. The officer opened the rear passenger door of the Vehicle. There was marijuana scattered throughout the rear floorboards.

m. A small metal grinder was located on the rear passenger door. The grinder was the type often used to crush marijuana buds to make the plant material easy to roll into a cigarette or cigar.

n. After discovering the marijuana, officers conducted a thorough probable cause search of the Vehicle.

o. A brown and tan Louis Vuitton bag was located in the trunk. P. Garybaldi claimed ownership of the bag. He also stated that the bag contained U.S. currency.

p. Officers located $5,250 in U.S. currency inside a shoe located in the bag. The currency was bundled in five smaller bundles separated by different color rubber bands, and all banded together with one large rubber band.

q. P. Garybaldi stated that he earned the money from his job at a club. P. Garybaldi also stated that he had not paid taxes for the prior year.

r. P. Garybaldi provided no documentation regarding the origin of the currency.

s. A black nylon suitcase was also located in the trunk. Lausell and P. Simon both stated that they had belongings in the suitcase. P. Simon stated that he had U.S. currency in the suitcase.

t. Officers located two bundles of U.S. currency, totaling $9,000, wrapped in a pair of jeans. The first bundle of currency was bundled in five smaller bundles separated by different color rubber bands, and all banded together with one large rubber band. The second bundle of currency was bundled in four smaller bundles separated by different color rubber bands, and all banded together with one large rubber band.

u. The style of packaging of the currency is consistent with the packaging of proceeds obtained through drug trafficking.

v. P. Simon stated that he was employed at a club and that he made approximately $20,000 a year.

w. P. Simon also stated that he won the money at a casino in Georgia, but he was unable to produce a transfer receipt from the casino.

x. Officers also located in the trunk a Western Union money transfer receipt in the name of Lausell. The receipt showed that Lausell sent $1,000 to the Dominican Republic on July 15, 2012, from New York.

y. Officers seized all of the currency as drug proceeds.

z. P. Simon, P. Garybaldi, and Lausell declined to accompany the officers to the station for an interview.

aa. Officers used a trained canine to test the currency for the odor of narcotics. The canine alerted to the envelope containing the $5,250 currency discovered in the Louis Vuitton bag. The canine did not alert to the envelope containing the $9,000 currency discovered in the black nylon suitcase.

bb. A criminal history check on Lausell showed that Lausell's prior drug history included charges for possession of marijuana and distribution of marijuana.

cc. A criminal history check on P. Simon and P. Garybaldi showed no prior drug history.

dd. An inquiry with the Maryland Department of Labor, Licensing and Regulation for P. Simon showed no record of wages for the previous three years.

ee. An inquiry with the Maryland Department of Labor, Licensing and Regulation for P. Garybaldi shower no record of wages for the previous three years.

ff. An inquiry with the Maryland Department of Labor, Licensing and Regulation for Lausell showed no record of wages for the previous three years.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. § 1746 THAT THE FACTS SUBMITTED BY THE MARYLAND TRANSPORTATION AUTHORITY POLICE, IN REFERENCE TO THE SEIZURE OF $9,000.00 U.S. CURRENCY FROM PEDRO SIMON ROSARIO ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Gregory Certeza
Task Force Officer
Drug Enforcement Administration

## **VERIFICATION**

I, Stefan D. Cassella, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Drug Enforcement Administration and that everything contained therein is true and correct to the best of my knowledge and belief.

Dated: February 1, 2013

                                           _____
                                           Stefan D. Cassella
                                           Assistant U.S. Attorney

**MEMORANDUM**

| | |
|---|---|
| DATE: | February 1, 2013 |
| TO: | Kristine Cupp<br>U.S. Marshal Service |
| FROM: | Naquita C. Ervin<br>FSA Paralegal Specialist<br>U.S. Attorney's Office - District of Maryland |
| RE: | **U.S. v. $9,000 U.S. CURRENCY**<br><br>**Civil Action No.**<br><br>**CATS ID 12-DEA-569172 – GC-12-0169** |

    The United States has filed a forfeiture action against **$9,000 U.S. CURRENCY**. A copy of the Complaint for Forfeiture is attached.

    Notice of this seizure will be published at www.forfeiture.gov pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

    Thank you.


Attachment

| U.S. Department of Justice | PROCESS RECEIPT AND RETURN |
|---|---|
| United States Marshals Service | |

| PLAINTIFF<br>UNITED STATES OF AMERICA | COURT CASE NUMBER |
|---|---|
| DEFENDANT<br>$9,000 U.S. Currency | TYPE OF PROCESS<br>Verified Complaint in Rem |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
12-DEA-569172 / GC-12-0169

ADDRESS (*Street or RFD, Apartment No., City, State, and ZIP Code*)

SEND NOTICE OF SERVICE TO REQUESTER AT NAME AND ADDRESS BELOW:

Naquita C. Ervin, FSA Paralegal Specialist
U.S. Attorney's Office
36 S. Charles Street, 4th floor
Baltimore, Maryland 21201

Number of process to be served with this Form - 285

Number of parties to be served in this case

Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (*Include Business and Alternate Address, All Telephone Numbers, and Estimated Times Available For Service*)
Arrest property. Fill in the date of arrest in this process receipt and return our copy.

Signature of Attorney or other Originator requesting service on behalf of:

TELEPHONE NUMBER
410-209-4800

DATE
2/1/13

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated.<br>(*Sign only first USM 285 if more than one USM 285 is submitted*) | Total Process<br>No. | District of Origin<br>No. | District to Serve<br>No. | Signature of Authorized USMS Deputy or Clerk | Date |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc. at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (*See remarks below*).

| Name and title of individual served (*If not shown above*). | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|
| Address (*complete only if different than shown above*) | Date of Service / Time am/pm |
| | Signature of U.S. Marshal or Deputy |

| Service Fee | Total Mileage Charges (*including endeavors*) | Forwarding Fee | Total Charges | Advance Deposits | Amount Owed to US Marshal or | Amount or Refund |
|---|---|---|---|---|---|---|

REMARKS:

PRIOR EDITIONS MAY BE USED        SEND ORIGINAL + 2 COPIES to USMS.
1. CLERK OF COURT  2. USMS Record  3. Notice of Service  4. Billing Statement  5. Acknowledgment of Receipt